## GRIFFIN ET AL. *v.* BALTIMORE FEDERAL SAVINGS AND LOAN ASSOCIATION

[No. 94, October Term, 1953.]

*Decided February 12, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Lewin Wethered* and *Eugene M. Childs,* with whom were *Childs & Bald* and *Barroll & Wethered* on the brief, for the appellants.

*Symone S. Spector* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City that became final after the Court overruled a motion to strike. The case was docketed by consent on March 13, 1952, as authorized by a note dated November 27, 1950, in the face amount of $1,166.03, and a judgment by confession was entered for the balance due of $668.37, with interest and attorneys' fees. The note attached to the declaration showed that it had been endorsed to the appellee without recourse by the payee, National Heating and Plumbing Company. The motion to strike was on the ground that the authority to confess judgment was void because in violation of the Retail Instalment Sales Act, Sections 116-140, Article 83 of the 1951 Code. After hearing and testimony taken, the trial court held that the appellee was a holder in due course and that the Act was inapplicable.

The testimony showed that one Holt, trading as National Heating and Plumbing Company, entered into a written agreement with the appellants on November

20, 1950, whereby he agreed to supply and install in their home a forced air, oil burning heating unit, with necessary ducts and an oil tank, for a price of $1,151.58, on which $115.16 was specified as the down payment. No time for payment of the balance was specified in the agreement, but it was understood by the parties that a note would be given for the balance to be paid in monthly instalments. One of the conditions of sale set forth in the agreement was that, until paid for in full, the seller should retain title to all the "equipment and materials entering into this installation whatever may be its mode of attachment to realty or otherwise, [which] shall be considered personalty * * *." The seller, his successors and assigns, reserved the right to "remove the same" upon default; the agreement also contained the usual acceleration clause.

The note was executed on November 27, 1950, and on the same date Griffin signed a "FHA title I completion certificate," in which he certified that all articles and materials had been furnished and installed and the work satisfactorily completed, although it was testified that the unit had not been tested at that time. The note was signed by Griffin and his wife, payable to the National Heating and Plumbing Company "at the office of Baltimore Federal Savings and Loan Association." The note, the certificate and the executed sales agreement were delivered by Holt to the appellee; the note was endorsed by him and discounted after the appellee had approved the credit standing of the makers. The agreement was not assigned. Griffin paid a number of the monthly instalments called for in the note before default occurred.

Section 118, Article 83 of the 1951 Code (as enacted by Chapter 851, Acts of 1941) provides that "no seller, sales finance company, or holder shall at any time take or receive any instrument from a buyer, or from any surety or guarantor for the buyer, which contains * * * (b) any confession of judgment or any power or warrant of attorney to appear for the buyer or for any surety

or guarantor for him to confess judgment * * *." If the note in the instant case can be deemed to fall within the scope of the Act, the provision for confession of judgment cannot be sustained, for Section 136(b) provides that "whenever any instrument contains any provision prohibited by Section 118, such provision shall be absolutely void * * *."

The appellee argues that the Act does not apply to this transaction because it involved a sale of articles affixed to the realty which became fixtures. We think the argument is unsound. It has been noted that the sales agreement provided that the subject matter of the sale should be considered personalty and removable on default. See *Dermer v. Faunce,* 191 Md. 495, 499-500. Section 139 (b) defines "instalment sale agreement" to mean "any contract for the retail sale of goods [defined by Section 139(a) to include "all chattels personal having a cash price of $2,000 or less * * *"] * * * under which (1) part or all of the price is payable in one or more payments subsequent to the making of such contract, and (2) the seller has retained a security interest in the goods sold * * * and shall include any conditional sale contract * * *." Section 139(o) defines "security interest" to "include any reservation of title to such goods whether or not expressed to be absolute * * *." In *Cooke v. Real Estate Trust Co.,* 180 Md. 133, 139, it was strongly intimated that the Act (not applicable to the case then under consideration) would apply to a contract for the installation of a heater. For a discussion of the remedial purposes of the Act, see *Stride v. Martin,* 184 Md. 446, 451.

The appellee contends, however, that even if the initial transaction was an instalment sale, the appellee is the holder in due course of a negotiable instrument, and is not bound by the provisions of the Act. It is argued that the note was separate from the sales agreement and did not refer to it; indeed, credit was not extended on the faith of the agreement but on the faith of the completion certificate and the credit rating of the ap-

pellants. Great stress is also laid on the fact that the agreement was not assigned, and reliance is placed upon the language of *Cooke v. Real Estate Trust Co.*, supra (p. 139), that mere knowledge of the terms of an executory contract between the maker of a note and the payee, is no defense to a holder of the note, who obtains it in good faith and without knowledge of any breach at the time of the purchase of the note. The actual holding in that case was that since the holder at the time it acquired the note also took *by assignment* the collateral sales agreement, its remedies were restricted by the provisions of the agreement. It was also pointed out that the holder was not subject to a defense of fraud of which it had no actual notice at the time it received the note. The conflict between the desire on the one hand to protect the conditional vendee from abusive practices and the necessity on the other hand of preserving the free negotiability of commercial paper has given rise to a divergence of opinion on this point in other jurisdictions. See note 152 A. L. R. 1222. Cf. *Mutual Finance Co. v. Martin*, 63 So. 2d 649 (Fla. 1953).

The Maryland Act was passed to protect instalment plan buyers. Its purpose was "not only to prevent actual frauds, but to close avenues to fraud." *Stride v. Martin*, supra. We think the present case is controlled by that act, which was not in effect as to the transaction under consideration in the *Cooke* case.

Section 134, Article 83 of the 1951 Code provides: "If, as a part of an instalment transaction, a note is taken by the seller or finance company, such note shall refer to the instalment agreement out of which it arises and, in the hands of any subsequent holder, such note shall be subject to all defenses which the buyer might have asserted against the seller or finance company, except that an acknowledgment of delivery of a copy of the agreement by the buyer pursuant to Section 116 shall be conclusive proof of such delivery in favor of any assignee of such note without actual knowledge to

the contrary." The failure to include in the note in the instant case a reference to the agreement was, of course, a violation of the statute that cannot inure to the benefit of the holder who is clearly shown to have had actual notice. Nor can we doubt that the note was an integral part of an instalment transaction known to the appellee. It follows that the note is open at least to the defense here asserted against the entry of a judgment by confession. We need not at this time express any opinion as to what other defenses, if any, may be open upon a trial of the pending action. We think the motion to strike should have been granted and the judgment set aside.

*Judgment reversed and case remanded
for further proceedings, with costs.*